UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALIDOU DABRE, | Civil Action No. 26-2142 (SDW) |
| Petitioner, | |
| v. | OPINION |
| LUIS SOTO, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Walidou Dabre, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey. ("Delaney Hall"). (ECF No. 1).

2. Petitioner is a citizen of Burkina Faso. (*Id.* ¶ 21). He entered the United States on or about September 19, 2021 and was immediately detained by the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE"). (*Id.*). DHS determined that Petitioner was inadmissible pursuant to 8 U.S.C. § 1225(b)(1). (ECF No. 1-3).

3. He was released on October 4, 2021 with a notice of custody determination stating that he was being released pursuant to 8 U.S.C. § 1226 and a notice of parole pursuant to 8 U.S.C. § 1182(d)(5)(A). (ECF Nos. 1-4 & 1-5). Petitioner filed an application for asylum on May 17, 2022. (ECF No. 1-8).

4. Petitioner reported to a credible fear interview on July 17, 2025. (ECF No. 1-9). The asylum officer found that Petitioner had established a credible fear of persecution if he were to be returned to Burkina Faso. (*Id.* at 2). Following that interview, immigration officials arrested

Petitioner pursuant to an administrative warrant. (ECF No. 1-10). He has been detained in Delaney Hall since that time. (ECF No. 1 ¶ 25).

5. Petitioner was notified that his application for asylum was cancelled on July 17, 2025 because he was "apprehended by DHS official, placed in expedited removal, and issued a Form I-860, Notice and Order of Expedited Removal." (ECF No. 1-8).

6. He received a Notice to Appear ("Notice") charging him as being a noncitizen "present in the United States who has not been admitted or paroled." (ECF No. 1-11 at 2). Petitioner was directed to appear before an immigration judge on August 18, 2025. (*Id.*)

7. On September 24, 2025, an immigration judge denied Petitioner's asylum claim and ordered that Petitioner be removed from the United States. (ECF No. 4-2). Petitioner appealed, and the Board of Immigration Appeals denied the appeal on February 18, 2026. (ECF No. 1 ¶ 26).

8. Petitioner filed a petition for review and motion for a stay of removal in the Third Circuit on February 26, 2026. (*Id.* ¶ 27). The Third Circuit issued a temporary stay of removal "until such time as the Court can consider the motion for stay of removal." (ECF No. 1-13 at 2); *see also Walidou Dabre v. Attorney General United States of America*, No. 26-1432 (3rd Cir. filed Feb. 26, 2026).

9. Petitioner seeks immediate release from custody or, in the alternative, a bond hearing. (ECF No. 1 at 39).

10. Respondents filed an answer on March 6, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he is a noncitizen who "was i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed

a credible-fear screener interview for an asylum claim.  Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)."    (ECF No. 4 at 2-3).

11. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

12. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

13. Petitioner was ordered removed on September 24, 2025 and the BIA upheld that determination on February 18, 2026.  (ECF No. 1 ¶ 26).  An order of removal becomes final upon final decision on appeal by the BIA.  8 C.F.R. § 1241.1(a).

14. Usually a noncitizen's detention would be authorized by 8 U.S.C. § 1231(a) after a final order, but the Third Circuit issued a temporary stay of petitioner's removal.  (ECF No. 1-13 at 2).   "[W]hen a Court of Appeals has issued a stay of removal, the [noncitizen] is not detained under § 1231, but remains detained under" the applicable pre-final order statute. *Appiah v. Lowe*, No. 3:24-cv-2222, 2025 WL 510974, at *3 (M.D. Pa. Feb. 14, 2025) (citing *Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012), *abrogated in part on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

15. "The line historically drawn between [§ 1225 and § 1226], making sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 221 (D. Mass. 2025) (quoting *Jennings*, 583 U.S. at 288-89).

16. This Court concludes that Petitioner is being unlawfully detained under § 1225 because Petitioner should have been detained under § 1226.[1] *See Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323 (D.N.J. Oct. 28, 2025).

17. Petitioner was detained at the border, but he was released "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act," which is § 1226. (ECF No. 1-4).

18. Moreover, the Notice issued on July 17, 2025 specifically identified Petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled." (ECF No. 1-11 at 2 (emphasis added)).[2] That language aligns with § 1226(a), not § 1225(b)(1). Therefore, it seems from the record that "DHS has consistently treated [Petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents' claim that he is subject to

---

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

[2] This Court notes that Petitioner's detention took place shortly after DHS instituted a notice titled "Interim Guidance Regarding Detention Authority for Applicants for Admission" to all ICE Employees on July 8, 2025. *See Maldonado Vazquez v. Feeley, 805 F. Supp. 3d 1112, 1129 (D. Nev. 2025)*. "The Notice indicated that DHS, in coordination with the DOJ, revisited its legal position on the INA and determined that § 1225(b)(2), rather than § 1226, is the applicable immigration authority for any alien present in the U.S. who has not been admitted whether or not at a designated port of arrival." *Id.* (cleaned up).

mandatory detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-84 (S.D.N.Y. 2025) (emphasis in original).

19. At the conclusion of his parole,[3] Petitioner was "restored to the status that [he] had at the time of parole," 8 C.F.R. § 212.5(e)(2), *i.e.,* a noncitizen already present in the county.

20. Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(1) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a), which entitles him to an individualized bond hearing.

21. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: March 12, 2026

---

[3] The fact that Petitioner was eventually paroled does not mean that he was originally detained pursuant to § 1225(b). *See Chanaguano Caiza v. Scott*, No. 1:25-cv-00500, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025) ("[I]t does not necessarily follow that all those paroled under [8 U.S.C. § 1182(d)(5)(A)] were detained under § 1225 in the first instance.")